UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHN HALEY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-1728** |
| **AMERICAN SECURITY INSURANCE COMPANY** | **SECTION: "G"(5)** |

## ORDER AND REASONS

In this litigation, Plaintiff John Haley ("Plaintiff") brings breach of insurance contract and bad faith claims against Defendant American Security Insurance Company ("Defendant").[1] Before the Court is Defendant's unopposed "Motion for Summary Judgment."[2] The instant motion for summary judgment was filed on August 19, 2022 and set for submission on September 21, 2022.[3] Under Local Rule 7.5, an opposition to a motion must be filed eight days before the noticed submission date. Plaintiff has not filed an opposition to the instant motion and therefore the motion is unopposed. A federal district court may grant an unopposed motion if the motion has merit.[4] Considering the motion, memorandum in support, record, and applicable law, this Court finds that Plaintiff lacks standing to sue under the insurance contract and grants Defendant's motion for summary judgment.

---

[1] Rec. Doc. 1-1 at 4.

[2] Rec. Doc. 10.

[3] *Id.*

[4] *See Braly v. Trail*, 254 F.3d 1082 (5th Cir. 2001).

1

## I. Background

On May 3, 2022, Plaintiff filed a complaint against Defendant in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana.[5] On June 13, 2022, Defendant removed the case to this Court.[6] According to the Petition, Defendant issued an insurance policy (the "Policy") covering Plaintiff's home and surrounding structures at 5808 Rosalie Court in Metairie, Louisiana (the "Property").[7] Plaintiff alleges that Hurricane Ida damaged the Property on or about August 29, 2021.[8] On or about December 15, 2021, Plaintiff purportedly notified Defendant of the loss.[9] Plaintiff asserts that Defendant underreported the property damage in the estimate on the claim and that Defendant's adjustment of the claim was unrealistic.[10] Plaintiff asserts that he hired an expert adjuster to inspect his property who opined that the Property was damaged in the amounts of $176,110.00 and $8,946.17, respectively.[11]

On August 19, 2022, Defendant filed the instant motion for summary judgment asserting that Plaintiff cannot assert valid claims of breach of insurance contract or bad faith under Louisiana law.[12] The motion for summary judgment was set for submission on September 21, 2022.[13] Under Local Rule 7.5, an opposition to a motion must be filed eight days before the noticed submission date.

---

[5] *Id.*

[6] Rec. Doc. 1.

[7] Rec. Doc. 1-1 at 4.

[8] *Id.* at 5.

[9] *Id.*

[10] *Id.*

[11] *Id.* at 6.

[12] *Id.* at 3-6.

[13] *Id.*

Plaintiff has not filed an opposition to the motion. Therefore, the motion is deemed unopposed.

## II. Defendant's Arguments

Defendant makes two arguments in support of its motion for summary judgment.[14] First, Defendant argues that Plaintiff lacks standing to enforce the policy.[15] Defendant contends that only the insured, additional insured, or a third-party beneficiary to a policy can sue its issuer for breach of an insurance contract under Louisiana law.[16] Defendant points out that Plaintiff is listed on the Policy's declarations page as a Borrower and not as the insured party.[17] Defendant asserts that Plaintiff's mortgage lender Select Portfolio Servicing, Inc. ("Select") is the only named insured, and therefore only Select may sue Defendant to enforce the policy.[18] Defendant further argues that Plaintiff is not a third-party beneficiary of the insurance contract and "all policy benefits are payable to the named insured lender, Select."[19] Thus, Defendant argues that summary judgment is proper because "[P]laintiff has no legally cognizable claim for relief to enforce the policy of insurance."[20]

Second, Defendant argues that Plaintiff cannot assert a bad faith claim under Louisiana law because he "does not have a cognizable claim for insurance coverage."[21] Defendant asserts that "a

---

[14] Rec. Doc. 10 at 1.

[15] Rec. Doc. 10-2 at 4.

[16] *Id*. at 4–5.

[17] *Id*.

[18] *Id*.

[19] *Id*.

[20] *Id*. at 1.

[21] *Id*. at 6.

3

plaintiff must have a valid underlying claim upon which insurance coverage is based" to "maintain an insurance bad faith claim under" Louisiana Revised Statutes §§ 22:1892 and 22:1973.[22] Defendant refers to its argument that a borrower whose mortgage lender is the named insured on an insurance policy lacks standing to sue for a breach of insurance contract claim.[23] Therefore, Defendant argues that summary judgment is proper because Plaintiff is not entitled to assert a bad faith claim under Louisiana law.[24]

### III. Legal Standard

#### A.   *Legal Standard for Summary Judgment*

Summary judgment is appropriate when the pleadings, discovery, and affidavits demonstrate "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[25] To decide whether a genuine dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[26] All reasonable inferences are drawn in favor of the nonmoving party. Yet "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[27] If the entire record "could not lead a rational trier of fact to find for the non-moving party," then no genuine issue of fact exists and, consequently, the moving party is entitled to judgment as a

---

[22] *Id.*

[23] *Id.*

[24] *Id.*

[25] Fed. R. Civ. P. 56(a); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[26] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).

[27] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

matter of law.[28] The nonmoving party may not rest upon the pleadings.[29] Instead, the nonmoving party must identify specific facts in the record and articulate the precise manner in which that evidence establishes a genuine issue for trial.[30]

The party seeking summary judgment always bears the initial responsibility of showing the basis for its motion and identifying record evidence that demonstrates the absence of a genuine issue of material fact.[31] "To satisfy this burden, the movant may either (1) submit evidentiary documents that negate the existence of some material element of the opponent's claim or defense, or (2) if the crucial issue is one on which the opponent will bear the ultimate burden of proof at trial, demonstrate that the evidence in the record insufficiently supports an essential element of the opponent's claim or defense."[32] If the moving party satisfies its initial burden, the burden shifts to the nonmoving party to "identify specific evidence in the record, and to articulate" precisely how that evidence supports the nonmoving party's claims.[33] The nonmoving party must set forth "specific facts showing the existence of a 'genuine' issue concerning every essential component of its case."[34]

The nonmovant's burden of demonstrating a genuine issue of material fact is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory

---

[28] *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

[29] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

[30] *See id.*; *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

[31] *Celotex*, 477 U.S. at 323.

[32] *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 190 (5th Cir. 1991) (internal citation omitted).

[33] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *see also Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

[34] *Morris*, 144 F.3d at 380; *see also Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012).

matter of law.[28] The nonmoving party may not rest upon the pleadings.[29] Instead, the nonmoving party must identify specific facts in the record and articulate the precise manner in which that evidence establishes a genuine issue for trial.[30]

The party seeking summary judgment always bears the initial responsibility of showing the basis for its motion and identifying record evidence that demonstrates the absence of a genuine issue of material fact.[31] "To satisfy this burden, the movant may either (1) submit evidentiary documents that negate the existence of some material element of the opponent's claim or defense, or (2) if the crucial issue is one on which the opponent will bear the ultimate burden of proof at trial, demonstrate that the evidence in the record insufficiently supports an essential element of the opponent's claim or defense."[32] If the moving party satisfies its initial burden, the burden shifts to the nonmoving party to "identify specific evidence in the record, and to articulate" precisely how that evidence supports the nonmoving party's claims.[33] The nonmoving party must set forth "specific facts showing the existence of a 'genuine' issue concerning every essential component of its case."[34]

The nonmovant's burden of demonstrating a genuine issue of material fact is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory

---

[28] *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

[29] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

[30] *See id.*; *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

[31] *Celotex*, 477 U.S. at 323.

[32] *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 190 (5th Cir. 1991) (internal citation omitted).

[33] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *see also Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

[34] *Morris*, 144 F.3d at 380; *see also Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012).

allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence."[35] Moreover, the nonmoving party may not rest upon mere allegations or denials in its pleadings.[36] Hearsay evidence and unsworn documents that cannot be presented in a form that would be admissible in evidence at trial do not qualify as competent opposing evidence.

### B. *Legal Standard for Interpreting Insurance Contracts under Louisiana Law*

Under Louisiana law, "an insurance policy is a contract between the parties and should be construed by using the general rules of interpretation of contracts set forth in the Louisiana Civil Code."[37] "The Louisiana Civil Code provides that '[t]he judiciary's role in interpreting insurance contracts is to ascertain the common intent of the parties to the contract' by construing words and phrases 'using their plain, ordinary and generally prevailing meaning.'"[38] "Interpretation of an insurance contract generally involves a question of law."[39]

If the contract is clear and unambiguous and does not have absurd consequences, the court applies the ordinary meaning of the contractual language.[40] If the insurance policy contains ambiguous provisions, the ambiguity "must be resolved by construing the policy as a whole."[41]

---

[35] *Little*, 37 F.3d at 1075 (internal citations omitted).

[36] *Morris*, 144 F.3d at 380.

[37] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 206 (5th Cir. 2007) (quoting *Cadwallader v. Allstate Ins. Co.*, 2002-1637 (La. 6/27/03); 848 So. 2d 577, 580). *Wisznia Co. v. Gen. Star Indem. Co.*, 759 F.3d 446, 448 (5th Cir. 2014) (quoting *Mayo v. State farm Mut. Auto. Ins. Co.*, 2003-1801, at 3 (La. 2/25/04); 869 So. 2d 96, 99) (quotation marks omitted).

[38] *Wisznia Co.*, 759 F.3d at 448–49 (quoting *Mayo,* 869 So. 2d at 99).

[39] *In re Katrina Canal Breaches Litig.*, 495 F.3d at 206 (citing *Bonin v. Westport Ins. Corp.*, 930 So. 2d 906, 910 (La. 2006)).

[40] *Prejean v. Guillory*, 2010-0740, at 6 (La. 7/2/10); 38 So. 3d 274, 279; *see also Sapp v. Wood Grp. PSN, Inc.*, No. 15-3, 2016 WL 6995897, at *4 (E.D. La. Nov. 30, 2016) (Brown, J.).

[41] *Louisiana Ins. Guar. Ass'n v. Interstate Fire & Cas. Co.*, 630 So. 2d 759, 763 (La. 1994) (citing LA. CIV. CODE art. 2050).

Yet an insurance contract "should not be interpreted in an unreasonable or strained manner under the guise of contractual interpretation to enlarge or restrict its provisions beyond what is reasonably contemplated by unambiguous terms or achieve an absurd conclusion."[42] "Courts lack the authority to alter the terms of insurance contracts under the guise of contractual interpretation when the policy's provisions are couched in unambiguous terms."[43]

## IV. Analysis

Defendant contends that Plaintiff lacks standing to sue for breach of insurance contract and bad faith because he is not a named insured, an additional named insured, or a third-party beneficiary under the Policy.[44] Defendant argues that the Court should grant summary judgment in its favor because Plaintiff lacks standing.[45] Considering the uncontroverted evidence before the Court, Defendant has demonstrated that Plaintiff lacks standing to sue under the Policy.

Prior jurisprudence indicates that "[t]o state a claim under an insurance policy, the plaintiff must be a named insured, an additional insured, or an intended third-party beneficiary of the policy."[46] Here, Plaintiff is not a named insured or an additional insured under the Policy because his mortgage lender, Select, took out the Policy.[47] The Policy does not designate Plaintiff as an

---

[42] *Cadwallader*, 848 So. 2d at 580.

[43] *Id.*

[44] Rec. Doc. 10-2 at 1.

[45] *Id.*

[46] *James v. Am Sec. Sec. Inc.*, 2021 WL 5795292, at *2 (E.D. La. Dec. 7, 2021) (Feldman, J.); *see also Williams v. Certain Underwriters at Lloyd's of London*, 398 F. App'x 44, 48–49 (5th Cir. 2010).

[47] Rec. Doc. 1-2 at 2 & 4. Specifically, Select sent Plaintiff a "Notice of Placement of Insurance" on September 14, 2021 stating that "[e]nclosed is an insurance policy/certificate *we have obtained* in accordance with your mortgage documents and/or Deed of Trust." *Id.* at 2 (emphasis added); *see also James*, 2021 U.S. Dist. LEXIS 233769, at *2 (granting motion to dismiss finding that homeowner lacked standing to sue on an insurance contract where the mortgage lender purchased the policy and was the only named insured).

additional insured party.[48] Therefore, Plaintiff only has standing to bring this suit if he is an intended third-party beneficiary.

Under Louisiana law, a contracting party may stipulate a benefit for a third person called a third-party beneficiary.[49] Louisiana courts have termed this stipulation as a *stipulation pour autrui*.[50] The Louisiana Supreme Court has articulated that the contract must "manifest a clear intention to benefit the third party," and that "absent such a clear manifestation, a party claiming to be a third-party beneficiary cannot meet his burden of proof."[51] There are three key criteria under Louisiana law for determining whether such stipulation exists in a contract: (1) the stipulation must be "manifestly clear;" (2) the benefit to the third party must be certain; and (3) the benefit may not be a "mere incident" of the contract.[52] Further, a *stipulation pour autrui* is never presumed, and the party claiming the benefit bears the burden of proof.[53]

In *James v. American Security Insurance Co.*, another judge in the Eastern District of Louisiana found that a homeowner-borrower cannot prove a *stipulation pour autrui* unless the insurance contract's language indicates that the borrower receives proceeds under the policy's terms or has some right to report damage to the insurance company.[54] The homeowner-borrower brought breach of contract and bad faith claims under the insurance policy on his home against the

---

[48] *See* Rec. Doc. 1-2 at 2 & 4.

[49] La. Civ. Code art. 1978.

[50] *James*, 2021 U.S. Dist. LEXIS 233769, at *2 n.2 (E.D. La. Dec. 7, 2021) (Feldman, J.).

[51] *Id*. at 2.

[52] *Id*.

[53] *Id*.

[54] *Id*. at *4–7.

insurance company.<sup>55</sup> The *James* court dismissed the homeowner-borrower's claims against the insurance company, stating that "there is no 'manifestly clear' stipulation for the benefit of a third party in the insurance policy" because the loss payment provisions of the contract stated that any payment was due to the named insured, the lender.[56] Notably, the district court dismissed the homeowner-borrower's claims for a lack of standing even where the policy listed both the homeowner-borrower and the named insured lender as recipients of specific proceeds under the policy.[57]

Here, Plaintiff brings the exact same claims as the borrower-plaintiff in *James*. Plaintiff is listed on the Policy merely as "Borrower," not as insured, and Plaintiff pays his premiums through his lender, Select.[58] Further, the plain language of the Policy only provides benefits or rights to Select as the named insured.[59] Prior jurisprudence establishes that even where a borrower is listed on the homeowner insurance policy and pays premiums through the lender, such designation is nonetheless "insufficient to create third-party beneficiary status unless the borrower is also due some sort of benefit under the policy."[60]

In *Lee v. Saefco Insurance Co.*, another judge in the Eastern District of Louisiana found that a plaintiff listed solely as a "Borrower" on the insurance policy can be found as a third-party

---

[55] *Id.* at *1.

[56] *Id.* at *6.

[57] *Id.* at *5 ("[A]n endorsement to the policy states that 'you' in that phrase (and throughout the policy) is understood to mean 'the financial institution as named insured and the borrower shown in the [d]eclarations.'").

[58] *See id.*; *see also* Rec. Doc. 1-2 at 13.

[59] Rec. Doc. 1-2 at 6.

[60] *Turner v. Am. Sec. Ins. Co.*, 2022 U.S. Dist. LEXIS 41349, at *2 (W.D. La. Mar. 8, 2022).

beneficiary where the policy expressly provides for payment to the Borrower.[61] The Loss Payment provision stated that "[a]mounts payable in excess of [the lender's] interest *will be paid to the 'borrower'* unless some other person is named by the 'borrower' to receive payment."[62] The *Lee* court found that this language "manifests a clear intent to benefit the borrower."[63]

Unlike the policy at issue in *Lee*, here, the Policy insures Plaintiff's property but only designates Plaintiff as a borrower.[64] Additionally, the Policy contains no express provisions conferring any payment or benefits to Plaintiff. The Loss Payment section of the Policy states that Defendant "will adjust all losses with the named insured. Loss will be made payable to the named insured."[65] Under this Policy, there is only one named insured—Select.[66] There is no language indicating an intent to confer benefits to Plaintiff. The Definitions provision of the Policy states that the term borrower "refers to the person or persons who have entered into a lien or mortgage agreement *with the named insured* for the property shown as the described property in the Declarations."[67] Plaintiff has not opposed this motion or presented any argument or evidence to show that the insurance contract manifests a clear intention to benefit Plaintiff as a third party.

Because the Policy states that all losses will be adjusted and made payable to the named insured, and because Plaintiff is not the named insured,[68] this Court cannot find that the Policy

---

[61] 2008 U.S. Dist. LEXIS 69817 at *10–*11 (E.D. La. July 2, 2008) (Africk, J.).

[62] *Id.* at *11.

[63] *Id.*

[64] Rec. Doc. 1-2 at 4.

[65] *Id.* at 12.

[66] *Id.* at 4.

[67] *Id.* at 6 (emphasis added).

[68] *Id.* at 4, 12.

10

confers a manifestly clear and certain benefit onto Plaintiff. Therefore, this Court cannot find that Plaintiff is a third-party beneficiary under the Policy because the Policy fails to confer a manifestly clear and certain benefit onto Plaintiff. As such, summary judgment is proper because Plaintiff cannot be found to be a named insured, an additional named insured, or a recipient of a *stipulation pour autrui* under the Policy.

### V. Conclusion

For the reasons stated above, this Court grants Defendant's unopposed motion for summary judgment because there is no genuine dispute to any material fact regarding Plaintiff's standing to sue under the Policy. Accordingly,

**IT IS HEREBY ORDERED** that Defendant American Security Insurance Company's "Motion for Summary Judgment"[69] is **GRANTED**. Plaintiff's claims against Defendant are dismissed for lack of standing.

**NEW ORLEANS, LOUISIANA,** this 28th day of November, 2022.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[69] Rec. Doc. 10.